## APPENDIX A

## INSTRUCTIONS

1. If you object to a request, the grounds for each objection must be stated with specificity.

2. If, in responding to these requests for production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. An objection must state whether any responsive materials are being withheld on the basis of that objection.

4. Whenever in these requests you are asked to identify or produce a document which you deem properly withheld from production for inspection or copying:

    a. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Federal Rule of Civil Procedure 26(b)(5). For electronically stored information, a privilege log in searchable and sortable form (such as a spreadsheet, matrix, or table), generated by litigation review software and containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached, or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

    b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in preceding paragraph, please state the reason for withholding the document. If you are withholding production because you contend that ESI

is not reasonably accessible because of undue burden or cost, explain with particularity the facts supporting that contention.

5.  When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6.  Except where otherwise stated in the requests below, it is intended that these requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log will be required as to such material.

7.  If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

8.  Except where otherwise stated, the time period for these requests is June 29, 2024 through February 10, 2025.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil

Procedure. As used in these requests, the following terms are to be interpreted in accordance with these definitions:

    1.    *Communication*: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    2.    *Concerning*: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

    3.    *Document*: The term "document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Federal Rule of Evidence 1001.

    4.    *Parties*: The terms "plaintiffs" and "defendants," as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

    5.    *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

    6.    *Taiwanese Lawsuits:* The lawsuits attached here as Exhibits 1 and 2.

    7.    *You/Your*: The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of those person's agents, representatives, and attorneys.

    8.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

## DOCUMENT REQUESTS

1. Communications between You and the law firm Formosa Transnational Attorneys at Law.

2. Documents and communications concerning the law firm Formosa Transnational Attorneys at Law.

3. Communications between You and Georgia Chang (張嘉真).

4. Documents and communications concerning Georgia Chang (張嘉真).

5. Documents and communications concerning the Taiwanese Lawsuits.