**SMS**

STEVEN M SCHNEEBAUM PC

202.742.5900 o.  |  202.449.3835 f.  |  202.744.3838 c.
www.smslawdc.com  |  sms@smslawdc.com
1750 K Street NW #1210, Washington DC 20006

Hon. Kenneth M. Karas
United States District Judge
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

February 23, 2026

Re:  *In the Matter of the Application of Chun-ko Chang, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782*, Case No. 7:25-mc-00529 (S.D.N.Y.)

Dear Judge Karas:

On January 29, 2026, this Court entered an *ex parte* order granting an application under 28 U.S.C. § 1782 ("the § 1782 Order"), permitting Applicant Chun-Ko Chang to issue and serve document and deposition subpoenas upon four persons or entities: (Mr.) Hongzhi Li; (Ms.) Rui Li; Shen Yun Performing Arts, Inc.; and Dragon Springs Buddhist Inc. ("the Discovery Targets"). This firm represents all four of the Discovery Targets, and this letter is submitted on their behalf.

The Discovery Targets intend to move to vacate the § 1782 Order, and therefore respectfully request that the Court:

(a) Permit their intervention in this action, so that they may challenge the § 1782 Order and the subpoenas issued pursuant thereto;
(b) Stay any deadline for producing documents or appearing for depositions until further order of the Court, following resolution of the motion to vacate;[1] and
(c) Schedule a pre-motion conference at the Court's earliest convenience for the purpose of issuing a briefing schedule for the motion to vacate the § 1782 Order and to quash the subpoenas.

The reasons for these requests are summarized briefly below, pending expansion in the Discovery Targets' memorandum of law following the pre-motion conference.

**Intervention**

The law makes abundantly clear the right of the targets of discovery to intervene in § 1782 proceedings, in order to ask the court to rule that its original authorization was improper. "[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge" subpoenas issued pursuant thereto)." *Ex parte in re Abdalla*, No. 20-MC-727 (PKC), 2021 WL 168469, at *1 (S.D.N.Y. Jan. 19, 2021). "The Second Circuit has long held that a person whose information is the target of a

---

[1] Absent intervention by the Court, the document production requests call for a response by this Friday, February 27, 14 days after the date of service.



Hon. Kenneth M. Karas
United States District Judge
February 23, 2026
Page | 2

Section 1782 application also has standing to challenge the validity of its issuance." *In re Devine*, No. 22-MC-133 (VSB), 2022 WL 1658586, at *3 (S.D.N.Y. May 25, 2022).

### Stay of Discovery

Discovery should be stayed pending the outcome of the Discovery Targets' challenge for the obvious reason that otherwise the motion to vacate would become moot. There is no reason to believe that a brief stay until the motion is decided would prejudice Applicant in any way.

### The Challenge to the § 1782 Order

The Discovery Targets propose to challenge the § 1782 Order and to seek the quashing of the subpoenas on several grounds:

**First**, it was improper for Applicant to seek the § 1782 Order *ex parte*. As she and her counsel are well aware, Ms. Chang is the lead plaintiff in a case against the Discovery Targets, among others, currently before this very Court. *Chun-Ko Chang* et al. *v. Shen Yun Performing Arts, Inc.* et al, No. 7:24-cv-08980-PMH (S.D.N.Y., filed Nov. 25, 2024). That case includes a claim based on the same allegations (that is, alleging that the Taiwan lawsuits were not brought in good faith) that Applicant is seeking to develop here. Her lawyers, therefore, know how to reach counsel representing the Discovery Targets, which is to say the parties Defendant in the matter before Judge Halpern.

In that case, a motion to dismiss, under FRCP Rules 12(b)(1) and 12(b)(6), is currently pending. It is open to Applicant to seek discovery while that motion is unresolved, but she has not done so (and in a related case against the same Defendants, also before this Court, *Sun* et al. *v. Shen Yun Performing Arts, Inc.*, et al., No. 7:25-cv-03185 (JGLC)), a motion to stay discovery while a dispositive motion is pending was granted by Judge Clarke. Doc. 49 (December 4, 2025)).

**Second**, the discovery requests were not served on the opposing parties in the Taiwanese litigation in which the material sought is purportedly "for use." This precluded them from the opportunity to have the presiding judge rule on whether the evidence could be used there. "In the context of *ex parte* discovery applications under Section 1782, Rule 45(a)(4)'s notice requirement functions as a critical procedural safeguard meant to facilitate the right of adverse parties in the underlying foreign proceeding to challenge the discovery request, thereby ensuring that '[t]hese one-sided proceedings do not offend due process.' *In re Republic of Turkiye*, No. 24 Misc. 557 (JPC), 2025 WL 2200159, at *7 (S.D.N.Y. Aug. 1, 2025), citing *In re Application of Salem*, No. 24 Misc. 5 (JPC), 2024 WL 3026670, at *9 (S.D.N.Y. June 17, 2024)

**Third**, the Discovery Targets propose to demonstrate that the material sought pursuant to the subpoenas is not "for use" in Taiwan; indeed, it cannot be used there. Expert testimony will show that the defense that Ms. Chang seeks to assert is not available in Taiwan. The real goal of the subpoenas is to use the discovered material in her litigation in the United States (indeed, in this Court).

**Fourth**, even were the subpoenaed material "for use" in Taiwan, which it is not, the § 1782 Order was nevertheless improper, because the Application fails to satisfy at least three of the factors required by *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004). Specifically, the discovery could



Hon. Kenneth M. Karas
United States District Judge
February 23, 2026
Page | 3

be obtained from the parties to the Taiwan cases. If Hongzhi Li ordered the Taiwanese plaintiffs to file defamation cases against Ms. Chang as "retaliation" for her suit in the United States, those plaintiffs would be competent to testify to that fact: the material would be discoverable in Taiwan. Complying with discovery in the United States would also be unduly burdensome, and would be enormously costly not only to the Targets – including Hongzhi Li, the leader of the Falun Gong religion – but to practitioners of Falun Gong worldwide, who are subject to persecution and systematic abuse at the hands of the Chinese Communist Party. In short, permitting Mr. Li to be deposed for no good reason would hand the abusers a propaganda opportunity that would cause serious harm.

**Fifth**, we have objections to the specific contents of the discovery demands – both the document requests and the deposition subpoenas – relating for example to their overbreadth, and to their inclusion of materials that are subject to privilege.

**Sixth**, and related to all of the foregoing, "tak[ing] into account "any other pertinent issues arising from the fact of the particular dispute," *In re Halley Enterprises, Ltd.*, 400 F.Supp.2d 62, 71 (S.D.N.Y. 2019), citing *Kiobel by Samkalden v. Cravath, Swaine & Moore, LLP*, 895 F.3d 238, 245 (2d Cir. 2019), the Discovery Targets will urge this Court to set aside the § 1782 Order.

### Meet and Confer

On February 19, 2026, undersigned counsel conferred by teleconference with Mariyam Hussain, Esq., and Michaela Wallin, Esq., counsel for Applicant Chun-ko Chang, after which they provided their views in writing. They stated that they take no position on a motion for intervention by the Discovery Targets, contending that intervention is not necessary. They also indicated that their client "objects to the subpoena targets' proposed motion to vacate the subpoenas and likewise object to an absolute stay of discovery. As a compromise on the motion to stay, [Ms.] Chang requested that the subpoena targets serve their responses and objections and meet and confer about the scope of discovery, while delaying depositions until the Court's ruling on the forthcoming motions."

We declined to accept that proposal, since it would require our clients to comply with subpoenas whose validity is to be contested. Their client "further objects to the request for an extension of time to oppose the subpoenas, as the request is not tethered to a date certain." Again, as what they characterized as a "compromise," they offered the Discovery Targets "an extension of 16 additional days to respond, measured from the date of service." We declined this proposal, for the same reasons.

In light of the foregoing, which we propose to expand upon in our motion to vacate and to quash, the Discovery Targets respectfully move this Honorable Court to permit them to intervene in these proceedings, to stay all discovery pending resolution of the challenge to the § 1782 Order, and to

**SMS**

STEVEN M SCHNEEBAUM PC

Hon. Kenneth M. Karas
United States District Judge
February 23, 2026
Page | 4

convene a hearing at its earliest opportunity to set a briefing schedule for the motion to vacate the Order.[2]

We are grateful to Your Honor for your consideration of these requests.

Yours sincerely,

Steven M. Schneebaum */
Counsel to:
Hongzhi Li; Rui Li; Shen Yun Performing Arts, Inc.; and Dragon Springs Buddhist Inc.

*/ *Pro hac vice* admission pending.

Cc: Counsel of record through ECF

Applicant is to respond to this letter by 2/27/26.

So Ordered.
2/23/26

---

[2] We propose that the Discovery Targets be granted 21 days after entry of this Court's order to file their brief, with Applicant given 21 days to oppose, and the moving parties 10 days to reply. Obviously, however, we will comply with any schedule that the Court deems appropriate.