

MARIYAM HUSSAIN/ *SENIOR COUNSEL*
773.666.4316 m 464.646.0694 | mhussain@bergermontague.com

Hon. Kenneth M. Karas
United States District Judge
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

February 27, 2026

**Re:** *In the Matter of the Application of Chun-ko Chang, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782*, Case No. 7:25-mc-00529 (S.D.N.Y.)

Dear Judge Karas,

Petitioner Chung-ko Chang writes in response to the letter filed by Respondents Hongzhi Li, Rui Li, Shen Yun performing Arts, Inc., and Dragon Springs Buddhist Inc. dated February 23, 2026 (the "Letter"). After Respondents engineered the filing of meritless defamation litigation against Ms. Chang in Taiwan, Ms. Chang filed and this Court granted the application to issue discovery pursuant to 28 U.S.C. § 1782 on January 29, 2026 ("the 1782 Order"). Respondents now request a) permission to intervene in the action, b) a pre-motion conference to establish a briefing schedule for their challenge to the 1782 Order and subpoenas, and c) a stay of any deadline to reply to the subpoenas served under the 1782 Order. Petitioner responds to each in turn.

<u>There is no need for intervention.</u> As the recipients of the subpoenas, Respondents have standing to challenge the subopenas' issuance and scope. *Ex parte in re Abdalla*, No. 20-MC-727, 2021 WL 168469, at *1 (S.D.N.Y. Jan. 19, 2021). Intervention in § 1782 proceedings typically is limited to parties to the foreign litigation who wish to represent their interests and are not the recipients of the subpoena. While Ms. Chang takes no position on the merits of an intervention motion, she requests that the Court bypass the intervention process altogether.

<u>Petitioner joins in the request for a briefing schedule.</u> Petitioner submits that a single set of briefs concerning a motion to vacate the § 1782 Order and to quash the subpoenas would be appropriate and ensure efficiency for both the parties and the Court.

<u>The Court should deny Respondents' request for a stay</u>. Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may stay discovery upon a showing of "good cause." Respondents have not met this burden.

Here, as a compromise position, Ms. Chang offered to postpone any production of documents and any depositions until the Court rules on Respondents' challenge to the subpoenas.



Requiring Respondents to provide responses and objections to the document subpoenas, and to negotiate them while the Court considers any motions, would not prejudice Respondents. Courts hold that even production of documents does not amount to prejudice. *See*, *e.g.*, *Doe v. Trump Corp.*, No. 18-CV-9936, 2020 WL 2538400, at *5 (S.D.N.Y. May 18, 2020) ( "a requirement to produce documents . . . is not generally the type of injury that is irreparable") (quotation omitted); *In re Noguer*, No. 18-MC-498, 2019 WL 1034190, at *4 (S.D.N.Y. Mar. 5, 2019) ("The mere fact that information, once disclosed, cannot be 'undisclosed' is therefore not enough by itself to warrant a finding of irreparable harm"). Here, requiring the Parties to simply discuss the existence of documents and negotiate the scope of any production would limit any prejudice to Respondents while ensuring that Ms. Chang receives any discovery that the Court orders as quickly as possible.

Requiring Respondents to provide and negotiate their responses and objections to the subpoenas is particularly reasonable in light of a) the unlikelihood of Respondents' success in opposition to the subpoenas, and b) the upcoming deadlines in the foreign litigation that make obtaining the requested discovery time sensitive.

Respondents provide numerous supposed grounds to challenge the 1782 Order. None support a decision to vacate. *First*, contrary to Respondents assertions otherwise, "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*." *Gushlak v. Gushlak*, 486 F. App'x. 215, 217 (2d Cir. 2012); *In re Hornbeam Corp.*, 722 F. Appx 7, 11 (2d Cir. 2018) (rejecting argument that district court improperly granted 1782 petition *ex parte*). *Second*, Respondents are just wrong that the sought discovery could not be obtained "for use" in Taiwan. Letter at 2. Ms. Chang's petition cites the declaration of a well-regarded Taiwanese lawyer explaining how the information will help her defense under Taiwanese law. *See* ECF No. 1-2, Declaration of Yen-Jong Lee ¶¶ 12-19, 24-26. While Respondents may have found a hired gun to say the opposite, their letter provides no basis for this claim, let alone one that can undermine the ample showing that the Petitioner has made. *See* ECF No. 1, Ex Parte Application for Discovery in Aid of Foreign Litigation Pursuant to 28 U.S.C. § 1782 ¶¶ 37-43. Indeed, earlier this week, the plaintiffs in the Taiwanese proceedings against Ms. Chang requested that the court issue a ruling that the subpoenas issued here are unnecessary, but the court flatly declined. *Third*, Respondents argue that testimony of the Taiwanese plaintiffs could prove the question of whether Hongzhi Li ordered the Taiwanese plaintiffs to file the defamation, such that the sought "discovery could be obtained from the parties to the Taiwan cases." Letter at 2-3. But testimony from Hongzhi Li and Rui Li—the ultimate authorities in their community, with total visibility into whether and how they directed the filing of the Taiwan cases—is materially different from that of the Taiwanese plaintiffs, who are subject to the Lis' influence and control. ECF No. 1 ¶¶ 17-18.

Respondents' remaining challenges concern the scope and process of the subpoenas. They do no better. *First*, Respondents argue that discovery would be unduly burdensome. But



Respondents have refused to even respond to the 1782 subpoenas, wherein they could raise and negotiate any overbreadth or privilege concerns. *Second*, Respondents argue the subpoenas should be quashed because Ms. Chang did not serve them on the opposing parties in the Taiwanese cases, arguing that this "precluded them from the opportunity to have the presiding judge rule on whether the evidence could be used there." Letter at 2. Respondents, however, have no basis to assert the purported due process rights of the plaintiffs in the Taiwanese cases.[1] Moreover, as noted above, the plaintiffs not only know about the subpoenas, but they have already asked the presiding Taiwanese judge to rule that the subpoenas are unnecessary, which the presiding judge declined to do. *Finally*, Ms. Chang has subsequently served the Taiwanese plaintiffs with the subpoenas, thereby curing any possible remaining prejudice. *See In re Hornbeam Corp.*, 722 F. App'x 7, 11 (2d Cir. 2018) (affirming denial of motion to vacate or quash because the movant did not establish prejudice from failure to serve 1782 subpoenas on the parties in the foreign litigation).

Respondents thus have established no prejudice they would face if the Court ordered the limited discovery requested by Ms. Chang during the pendency of the challenge to the 1782 Order and subpoenas. Ms. Chang, however, would suffer real prejudice if the discovery were stayed. For example, the trial judge in one of the Taiwanese lawsuits against Ms. Chang has announced a plan to rule by March 31, 2026. On that timeline, a stay is almost sure to prevent Ms. Chang from being able to introduce the sought discovery at the trial stage.

\* \* \*

Respondents' letter obscures that it was *Respondents* who engineered meritless defamation litigation *against Ms. Chang* in Taiwan—avoiding the discovery obligations they would have faced if they filed suit here. Now that Ms. Chang has sought discovery in the U.S. to defend herself, Respondents seek to delay and quash that discovery, without even negotiating about its scope. The Court should reject this gamesmanship and allow discovery to proceed as requested.

Ms. Chang appreciates the opportunity to be heard on these issues.

Sincerely,

Mariyam Hussain

---

[1] The authority Respondents cite concern motions brought by parties to foreign litigation that were not served with subpoenas ordered pursuant to § 1782 and wished to challenge the 1782 order. Letter at 2 (citing *In re Republic of Turkiye*, No. 23 Misc. 557, 2025 WL 2200159, at \*7 (S.D.N.Y. Aug. 1, 2025); *In re Application of Salem*, No. 24 Misc. 5, 2024 WL 3026670, at \*9 (S.D.N.Y. June 17, 2024)). Respondents, by contrast were properly served as the targets of the subpoenas.