

**STEVEN M SCHNEEBAUM PC**

202.742.5900 o.   |   202.449.3835 f.   |   202.744.3838 c.
www.smslawdc.com   |   sms@smslawdc.com
1750 K Street NW #1210, Washington DC 20006

Hon. Andrew E. Krause
United States Magistrate Judge
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

March 24, 2026

Re:   *In the Matter of the Application of Chun-ko Chang, Petitioner, for an Order*
      *Pursuant to 28 U.S.C. § 1782,* Case No. 7:25-mc-00529 (S.D.N.Y.)

Dear Judge Krause:

I am writing on behalf of Shen Yun Performing Arts, Inc.; Dragon Springs Buddhist Inc.; Hongzhi Li; and Rui Li, the discovery targets in this action.

When we had our conference with Your Honor on March 10, both parties informed the Court that in one of the Taiwanese proceedings, "for use" in which the subpoenas were purportedly sought, a judgment will be entered by the trial judge on March 31. Nevertheless, the parties agreed, and Your Honor ordered, a schedule according to which our brief challenging Judge Karas's § 1782 order is due on March 30.

As I was preparing my brief, it became clear that the outcome of the Taiwan proceedings will directly affect the parties' submissions to this Court. That is, if the Taiwanese judge enters a judgment in favor of the plaintiff, it will be considerably more difficult for Applicant to argue that the material she is seeking will support a claim that the litigation was brought in bad faith.

If our brief is to be filed on March 30 as ordered, we will need to speculate on the outcome of the litigation in Taiwan. If it were to be submitted a few days later, there would be no need for speculation. Obviously, the other side will not be deprived of its right to oppose our submission, and to argue that a decision that their client did in fact defame the Taiwanese plaintiff does not affect their claim that the material they are seeking in the U.S. is "for use" in appellate proceedings.

For these reasons, we respectfully request that the Court defer all of the filings subject to the pending scheduling order, as follows: our brief seeking to vacate the § 1782 order would be due on April 3, Applicant's opposition on April 30, and our reply on May 7.

I have conferred with Times Wang, Esq., counsel for Applicant, and he requested that I include the following statement of his position: "Given the caselaw governing § 1782 applications, Petitioner's counsel disagrees that the outcome of the March 31 Taiwanese hearing is relevant to the forthcoming briefing. However, in the interests of minimizing disputes, counsel does not oppose the requested modification to the briefing schedule."

We thank Your Honor for your consideration of this request.



STEVEN M SCHNEEBAUM PC

Hon. Andrew E. Krause, U.S.M.J.
March 24, 2026
Page | 2

Yours sincerely,

Steven M. Schneebaum